May it please the court. My name is Amanda Horner from the Office of the State Appellate Defender, and I represent Mr. Smith. Mr. Smith was charged with residential burglary with the intent to commit theft. At trial, Mr. Smith readily admitted in the presence of the jury that he committed theft. However, he denied that he committed burglary. He claimed that he picked up the complainant's items outside of his home, but he never entered his residence. Now, the Illinois Supreme Court found in Peeble v. Hamilton that theft is a lesser offense of residential burglary, for that burglary is predicated on the idea that the defendant committed theft. The court also noted that theft should be given as a jury instruction where there is some evidence present at trial that would allow a rational jury to find the defendant guilty of theft, but not of residential burglary. Obviously, Mr. Smith could show that he committed theft because he confessed to that in the presence of the jury. However, he maintained that he never committed residential burglary because he didn't enter the home. Therefore, defense counsel properly requested an instruction be given to the jury on the lesser offense of theft, and when the trial court refused to grant that instruction, it committed error. The jury was not properly instructed, and therefore, Mr. Smith was denied his right to a fair trial. For this reason, Mr. Smith requests that this court reverse his conviction and remand to a new case. Now, in Peeble v. Hamilton, which is the controlling case, the Illinois Supreme Court reasoned that theft is a lesser offense of residential burglary based on the charging instrument approach. Particularly, it found that because residential burglary included with the intent to commit a theft therein, the charging instrument necessarily encompassed theft, and therefore, it was a lesser offense. Mr. Smith's charging instrument was identical to the one in Peeble v. Hamilton where the Supreme Court said theft is a lesser offense. The only other thing that Mr. Smith must show is that there was proof offered that he did commit theft, but that a rational jury would have also found he did not commit residential burglary. The facts in Hamilton are instructive for this case as well. In Hamilton, the facts were that a defendant entered a home and stole a purse. There was no question that the defendant committed theft. However, there was a question of whether or not the defendant entered the home lawfully or whether or not he formed an intent to commit theft prior to entering the residence. Now, the Illinois Supreme Court explained that the lesser offense instruction was important here because the jury would have known that the defendant committed theft, but it would have had some doubts about whether or not he committed residential burglary. And without the lesser offense instruction, the jury was placed in a rather unenviable position of trying to determine whether to acquit a man when it knew that man was guilty of something or find him guilty of residential burglary when there was some doubt as to whether or not he entered the home. The same is true in this case. Mr. Smith presented evidence that he committed theft, and therefore, the jury should have been instructed on theft. Further, there was reasonable doubt as to whether or not Mr. Smith committed residential burglary. He explained that his testimony alone would be sufficient for the jury to have found that he didn't commit residential burglary. But there was also other problems with the state's evidence, including the fact that there was problems with an eyewitness testimony who claimed that he saw Mr. Smith, but this witness also claimed a lot of different things. He lied throughout his testimony. Further, although the state presented a shoe print that might have belonged to Mr. Smith, an expert testified that that shoe print could have belonged to hundreds of different types of boots. Therefore, there could have been a reasonable doubt as to whether or not Mr. Smith entered that home. When the trial court failed to instruct the jury on the lesser offense of theft, it robbed the jury of its essential role as a fact finder. The jury was then forced to decide whether or not to convict Mr. Smith of residential burglary, where it might have had doubts as to whether or not he committed that, or it was forced to acquit him altogether, even though he had admitted on the stand that he committed theft. Now, the state argues in this brief that People v. Hamilton doesn't apply, because by the finding of the jury that Mr. Smith committed residential burglary, it therefore found that he must have entered the residence. However, this is in direct contrast to the Illinois Supreme Court's case. The Illinois Supreme Court reasoned that a jury needs a necessary third option when it's sort of put between the proverbial rock and a hard spot, when it has to choose between acquitting, when there is obviously some guilt on the part of the defendant, or convicting him of a greater offense. Further, if this court is to accept the state's argument, then it necessarily implies that all lesser offense cases must fail, because for a lesser offense case to be before this court, it means that the jury was not instructed on a lesser offense, and by definition, the defendant would have been convicted of a greater offense. In essence, it would wipe out an entire section of this court's jurisprudence. The state seems to concede in its brief that the instruction probably should have been given, but then says there was no prejudice. How would you respond to that? Well, there was obviously prejudice. This was a close case, Your Honor. Mr. Smith admitted that he committed theft, so the jury would have been automatically inclined to convict him of something. Moreover, there was also a lack of evidence that Mr. Smith ever entered the residence. Further, there's case law that says that when a jury is not properly instructed on the law, that he is entitled to a reversal. In this case, Mr. Smith is entitled to a reversal because by the very nature of the error, he was prejudiced. The jury was not able to properly determine what Mr. Smith was guilty of. They had to choose residential burglary rather than finding that he committed the lesser offense of theft, and that is the ultimate function of the jury, is to find the facts in this case, and they were deprived of that right. So you think that prejudice is not even an issue, a separate issue, that once you find that the instruction should be given, that prejudice automatically occurs? Well, I think in this case, prejudice does automatically occur, Your Honor, because the nature of a lesser offense instruction is that by not allowing the jury to decide whether or not Mr. Smith committed the lesser offense of theft, he was prejudiced. He could have been found guilty of theft, and he wasn't, and there was a chance that he could have been convicted of a lesser offense. So without giving the jury this chance, we do not have any idea of what would have occurred. We don't know whether the jury would have found him guilty of residential burglary or the lesser offense of theft, and therefore, he is automatically prejudiced by the failure of the trial court to properly instruct the jury. Moreover, this instruction goes to the very heart of Mr. Smith's sentence. Had Mr. Smith been convicted of theft, for example, his sentence would certainly have been different, and there's evidence on the record that Mr. Smith was guilty of theft, but not necessarily of residential burglary. Therefore, ultimately, he was denied a fair trial. Does the Court have any other questions? For this reason, Mr. Smith respectfully requests that this Court reverse this conviction and remand this case for a new trial. Thank you. May it please the Court. Counsel, my name is Whitney Atkins, and I will be representing the State of Illinois. First of all, the defendant has waived his right to bring this issue on appeal, as he failed to raise it in a post-trial motion as required by the Illinois Supreme Court People v. Enoch. Thus, the only way this Court can review this issue is through the plain error doctrine, which allows unpreserved error to be reviewed where, one, the evidence is close, or two, the evidence, the error was so serious that the fairness of the defendant's trial was challenged. It is the defendant's burden to prove plain error, and here he fails to satisfy either prong of the plain error doctrine. As to the first prong, the evidence was not close in this case, but overwhelmingly supported his guilt. The evidence includes, but is not limited to, the following. He was apprehended by police at the scene of the burglary, carrying the complainant's property. The complainant's property that he was carrying was just hours before in the complainant's residence. Footwear impressions taken from inside the home had matching characteristics of the boots the defendant was wearing at the time he was apprehended. A witness saw the defendant exiting the complainant's rear door just prior to the defendant's apprehension. The complainant's home had been ransacked. He testified that just hours before the defendant's apprehension, he had left his residence neat and organized. Well, what about the door coming in, the door there, was that open or what? He testified he had locked his entire house up. And the footwear impressions were on the outside of the door? Yes, I believe so, I believe so. And the expert testified that he couldn't match them to the defendant? He testified that he couldn't absolutely match them to the defendant? Not to a reasonable degree of scientific certainty, is that right or wrong? That is correct. But they did have matching characteristics to what the defendant was wearing and taking that in the aggregate of everything else that was found. Ms. Edkins, weren't there footprints found inside the residence as well? I thought there were some papers that they gathered footprints from. Yes, I believe they had a difficult time matching those up. So those weren't matched? No, I don't believe so. I think they were too smudged, is what I recollect. In addition to that evidence, the defendant's fingerprints were found on a screen window torn out of the back window of the complainant's home. And that's the one he admitted to? Yes. He admitted to removing that screen? No, he doesn't admit to removing the screen. He only admits that he touched the screen because the screen was on top of the basket and he had to take the screen off to get a hold of the basket. So he doesn't admit to tearing out the screen. Okay, but the fingerprints that you're talking about were on the screen, but nowhere around the window screen on the house. In the record, it only states that it was on the screen. Other than the shoe prints, what I'm trying to figure out is what evidence, such as a fingerprint or anything else, did we have that he was in the house? The witness that saw him coming out is pretty hurtful. And the story is just unlikely. It's more likely that he got the complainant's property by entering the complainant's house. Next, defendant fails to satisfy the second prong of the Plain Air Doctrine because he was not prejudiced. The jury instructions here mandated that to find a guilty verdict, it must find that the defendant entered the complainant's residence without authority. And the jury was instructed that the state would need to prove these two propositions. The defendant knowingly entered the dwelling place of another, but the defendant did that without authority. And in light of those instructions, the jury found the defendant guilty of residential burglary. Thus, the jury found that the defendant entered the complainant's dwelling. What's more, trial defense counsel in both opening and closing arguments made the argument that the defendant just committed the theft outside the complainant's property. And the jury rejected that argument. Can I ask you one question? In your brief, you indicate that it appears that under Hamilton, the defendant may have been entitled to the jury receiving instructions that theft is a lesser offense. And the absence of such instructions was not prejudicial to the defendant, nor did it otherwise affect the verdict. So, I'm a little confused on your position today. Do you believe today that there probably should have been a lesser included? Or are you saying that maybe it should have in its way? My position is that Hamilton indicates that the jury probably should have been instructed on theft, but it's not reversible here because he was not prejudiced. You're saying it was harmless, essentially. Harmless error. Yes. Okay, thank you for clarifying that. Mm-hmm. So, as we kind of just discussed just now, People v. Hamilton does indicate that the jury probably should have been instructed on theft as a lesser offense. But the state does not believe that it's reversible error. So, neither having raised the instruction issue of a lesser offense of theft in a post-trial motion, nor having met the requirements to have it reviewed under plain error doctrine, defendant has forfeited his right to now bring this issue on appeal. Next, the defendant claims that he was denied effective assistance of counsel because his attorney failed to request the court strike as unresponsive or otherwise instruct the jury on a portion of complainant's testimony he claims was evidence of other crimes committed. To prevail on a claim of ineffective assistance of counsel, a defendant must establish that counsel's performance was deficient and that the deficiency was prejudicial. The testimony defendant refers to was between trial counsel for the state and the complainant, and it is as follows. Question. Was there food missing? Answer. Smoking, crack, and everything, you know. Question. Smoking, crack. Somebody was smoking crack in there? Answer. Yes, ma'am. Question. How do you know that? Answer. Because they left the crack pipe and stuff in the house. Defendant can't establish an ineffective assistance of counsel, can't prevail on an ineffective assistance of counsel claim, because it was obvious that this was a spontaneous response by the complainant. Defense trial counsel didn't anticipate it. State didn't anticipate it. Defense trial counsel chose to let it lie, which it was in her discretion to choose this trial strategy. And it was never mentioned again by either side. And as to the second prong of the ineffective assistance of counsel claim, the evidence overwhelmingly proved defendant's guilt for the reasons I mentioned before, the matching footprints, the witness, the complainant's home being ransacked, defendant's fingerprints being on the back window. Accordingly, as the strategy defense counsel employed was within her discretion and defendant was not prejudiced, defense trial counsel's performance was in no way ineffective. So the state asks you to affirm the judgments below. And are there any further questions? No, thank you. Okay, thank you. First, Your Honor, according to People v. Monroe, when a jury should have been instructed on theft and they failed to instruct on theft, it is reversible error. However, even if this court finds that it must review under the plain error or alternatively, as Mr. Smith argued in his reply brief under ineffective assistance of counsel for failing to preserve it in a post-trial motion, Mr. Smith can prove prejudice. Despite what the state has said, the evidence was far from overwhelming. As the state pointed out, there was one witness who said that he saw Mr. Smith hopping his head in and out of the back door. However, this witness, who also had a conviction for residential burglary, lied numerous times on the stand. He first told the state that as soon as he saw someone hooking his head out of the window, he called 9-1-1. But in fact, in cross-examination, he admitted that he didn't call 9-1-1. And then he testified he didn't call 9-1-1 because he was too busy running to the complainant's workplace to tell him that someone had broken into his home, when in fact, he didn't do that either, because we later learned that the complainant was notified of the break-in and the U.S. Marshals called him to tell him that his ankle bracelet had went offline. This witness is far from a sure thing for the state. Further, the boots could have matched hundreds, if not thousands, of other boots. There was no way to tie those boots to only Mr. Smith. And outside these two pieces of evidence, there was no evidence that Mr. Smith was inside the home at all. While there was a fingerprint found, it was found on the screen lying outside the home. And as Mr. Smith explained, he picked up that screen to steal the electronics. Therefore, the evidence is far from overwhelming. And according to the Supreme Court in People v. Hamilton, all Mr. Smith has to show is that a rational jury could have found him guilty of theft and not of residential burglary. I think that's clear from the facts of this case that a rational jury could have found the witness suspect and could have found the lack of physical evidence tying Mr. Smith to the burglary also suspect and found him guilty of theft based on his own testimony. Therefore, Mr. Smith was prejudiced. And he respectfully requests that this court reverse and remand his case for a new trial. Can he be waived by not filing a post-trial motion? Certainly he can be waived if he does not file a post-trial motion. But this court can still review it under either plain error or ineffective assistance of counsel, which Mr. Smith addresses in his brief. In other words, if this court would have reversed but for the failure to file a post-trial motion, then Mr. Smith should still be entitled to a new trial. Thank you. Thanks. The court will stand to recess. Thank you.